Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6572 | DATE | 8/24/2004 |
| CASE TITLE | RONALD ALVINE vs. CHESTER MENTAL HEALTH CENTER | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The petition for a writ of habeas corpus is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 3 0 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 11 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES ex rel, RONALD ALVINE,

   Petitioner,

v.

CHESTER MENTAL HEALTH CENTER,

   Respondent.

No. 03 C 6572
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Petitioner Ronald Alvine, who is in custody at the Chester Mental Health Center, has filed a petition for writ of habeas corpus. Petitioner was convicted in the circuit court of DuPage County of first-degree murder (under theories of both knowing murder and felony murder), burglary and possession of a stolen motor vehicle and was sentenced to death for knowing murder, but was not sentenced on felony murder. Petitioner appealed, raising claims as to the guilt-innocence phase of his trial, as well as several sentencing issues. The Illinois Supreme Court reversed Petitioner's conviction for knowing murder, affirmed his remaining convictions, vacated the death sentence, and remanded, holding that Petitioner should be sentenced on the felony murder count. *People v. Alvine*, 671 N.E.2d 713 (1996). On remand, the circuit court summarily imposed a death sentence on the felony murder count without holding a sentencing hearing. Petitioner appealed, and the Illinois Supreme Court held that Petitioner was entitled to a new sentencing hearing on the felony murder count and remanded the case. *People v. Alvine*, 737 N.E.2d 299 (2000). On August 21, 2002, following a hearing held pursuant to 725 ILCS

1 1

5/104-16, Petitioner was found unfit for sentencing for inability to assist counsel. Petitioner has not appealed that ruling.

On August 27, 2003, Petitioner filed this petition raising three separate claims: (1) alleging that false evidence was used against him at trial, that his indictment was invalid, and that certain transcripts had been altered; (2) alleging that the following orders were incorrect: an order granting the state's motion to nolle pros certain charges, an order denying a defense motion for directed verdict, an order denying Petitioner's motion for trial transcripts, and orders directing his defense attorney to provide him the opportunity to review disclosures by the state and setting a date for Petitioner to view evidence not in the possession of the state or defense; and (3) alleging that he was found unfit for sentencing by false evidence and that his request for an attorney to be present during the competency examination was refused.

In order to be entitled to federal habeas relief, Petitioner must establish that he is being held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(d). A federal court shall not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or unless the state court's determination of the facts was unreasonable in light of the evidence. 28 U.S.C. § 2254(d). Additionally, Petitioner may seek federal habeas review only if he has exhausted all available state court remedies and in the course of those proceedings, fully and fairly presented his claims to the states' courts. 28 U.S.C. § 2254(b)(1). *See also Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).

Petitioner's first and second claims raise issues pertaining to his trial, including claims regarding the evidence, indictment, transcripts and court orders. Since Petitioner never presented these claims to any state court on appeal, they are procedurally defaulted under 28 U.S.C. § 2254(b)(1). *See Farrell*, 939 F.2d at 410.

Petitioner's third claim, alleging that he was found unfit for sentencing by false evidence, challenges petitioner's involuntary commitment to a mental institution.[1] Thus far, Petitioner has failed to present his third claim to any state court on appeal. Despite this failure, Petitioner's state court remedies have been exhausted, as the time for filing an appeal from the finding of unfitness has expired. The statutory expiration qualifies as exhaustion because no other remedies were available at the time this petition was filed. *See Engle v. Isaac*, 456 U.S. 107, 125-26 (1982); *Farrell*, 939 F.2d at 410. Thus, I will consider Petitioner's third claim on its merits.

Petitioner's third claim alleges that he was deemed unfit for sentencing by false evidence and that he was denied his request to have a lawyer present during the fitness examination. Regarding the first part of this claim, the state court's factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing" evidence. 28 U.S.C. § 2254(e).[2] Petitioner cannot meet this burden. Not only does he fail to present any evidence of falsity, but he also fails to identify the specific evidence he is challenging as false.

---

[1] It has been well accepted that habeas corpus is the traditional remedy for challenging involuntary commitment in a mental institution. *See United States v. Fuller*, 86 F.3d 105, 106-07 (7th Cir. 1996).

[2] 28 U.S.C. § 2254(e) provides that "a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

The second part of Petitioner's third claim presents a much more difficult question since the Supreme Court has never clearly addressed whether, in a pre-sentencing competency examination, a defendant maintains a Sixth Amendment right to have counsel present. In, *Estelle v. Smith*, 451 U.S. 454 (1981), the Court found a violation of defendant's Sixth Amendment right to counsel where he was not given an opportunity to consult with his counsel prior to a pre-trial psychiatric competency exam and where defendant's exam statements were entered into evidence by the prosecution during sentencing. The Court did note, however, that "[r]espondent does not assert, and the Court of Appeals did not find, any constitutional right to have counsel actually present during the examination. In fact, the Court of Appeals recognized that 'an attorney present during the psychiatric interview could contribute little and might seriously disrupt the examination.'" *Id.* at 471 (quoting *Smith v. Estelle*, 602 F.2d 694, 708 (5th Cir. 1979)). The Court's note in *Estelle* suggests that Petitioner does not have a valid Sixth Amendment claim here.

Moreover, the stage at which Petitioner's competency examination occurred further suggests that he did not have a constitutional right to counsel during the exam. The Sixth Amendment provides every defendant with the right to have adequate representation during a "critical stage" of the adversarial proceedings. *Holloway v. Arkansas*, 435 U.S. 475 (1978); *United States v. Wade*, 388 U.S. 218 (1967). The right applies only to stages of the proceedings where absence of defense counsel might derogate from the accused's right to a fair trial. Although the Sixth Amendment right to counsel does extend to critical stages in the sentencing phase of criminal proceedings, *Mempa v. Rhay*, 389 U.S. 128 (1967), its protections apply only where the adversary character of the criminal proceedings is involved. *Kirby v. Illinois*, 406 U.S.

682, 691 (1972) *United States v. Morrison*, 449 U.S. 361, 365 (1981); *Gerstein v. Pugh*, 420 U.S. 103, 123 (1975).

In the context of Petitioner's case, the examining psychiatrist did not gather potential evidence for use against him at trial, but rather, merely sought to determine whether Petitioner was fit for sentencing. In this situation, the examination was not adversarial, and thus, a Sixth Amendment right to counsel does not apply. *See also People v. Lazzarino*, 157 Misc. 2d 627, 631 (NY City Crim. Ct. 1993) (holding that defendant's sixth amendment right to counsel is not violated by lack of counsel's presence at pre-sentence competency exam); *United States v. Jackson*, 886 F.2d 838 (7th Cir. 1989) (holding that a Sixth Amendment right to counsel does not exist for pre-sentence interview by a probation officer); *United States v. Byers*, 740 F.2d 1104, 1119 (D.C. Cir. 1984) (holding that a competency examination is not an adversary stage of the proceedings). On the basis of the reasoning above, I find that Petitioner did not have a right to counsel during his post-conviction, pre re-sentencing competency examination.

For the reasons stated herein, the petitioner's petition for writ of habeas corpus is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 24 August 2004